UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-00447-SEB-CSW |
| SAMMIE JOSEPH, et al., | ) ) ) |
| Defendants. | ) ) |

**Order Granting Defendants' Motions for Summary Judgment, Dismissing Defendant Tomlison for Failure to Prosecute, and Directing Entry of Final Judgment**

William Lee, a former inmate at New Castle Correctional Facility, filed this civil rights action alleging that the defendants violated the Eighth Amendment when they placed him in a dirty, cold cell without a mattress, bedding, or hygiene products. The defendants have moved for summary judgment. Mr. Lee has not responded, and the deadline to do so has passed. Because Mr. Lee failed to exhaust available administrative remedies before filing suit, the defendants' motions for summary judgment, dkt. [32] and dkt. [36], must be **granted**.

In addition, after the Court's attempts to serve defendant Nurse Tomlison were unsuccessful, the Court provided Mr. Lee with an opportunity to supply additional information to identify the defendant and warned that failure to respond would result in dismissal of defendant Tomlison. Mr. Lee has not responded, and the time to do so has passed. Thus, all claims against defendant Tomlison are **dismissed without prejudice**.

### I.   Summary Judgment Standard

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party

must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Because Mr. Lee did not respond to the motion for summary judgment, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file responsive brief and identify disputed facts); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment).

## II.     Undisputed Facts

In his complaint, Mr. Lee alleges that the defendants placed him in a dirty, cold cell without a mattress, bedding, or hygiene products in December 2022. Dkt. 1. Sleeping on a metal bed frame with no mattress caused him to develop a painful lump in his side. He filled out a healthcare request form and gave it to Nurse Tomlison, but she did nothing.

These types of complaints are covered by the Indiana Department of Correction's ("IDOC") offender grievance process. Dkt. 32-1 at 3 (Offender Grievance Process) (listing " concerns relating to conditions of care or supervision" as available for grievance).

Inmates are informed about the grievance process during orientation and can access the policy in New Castle's law library. Dkt. 32-4 at 2-3, ¶ 8 (Rutledge Affidavit). To complete the

2

grievance process, an inmate must present his grievance through several levels of review: a formal grievance after unsuccessful attempts at informal resolution, a written appeal to the Warden, and a written appeal to the Department Grievance Manager. Dkt. 31-1 at 3. The formal grievance must be filed within 10 business days after the grievable incident occurred. *Id*. at 9. The IDOC maintains records of inmate grievances. Dkt. 32-4 at 3, ¶ 9.

Mr. Lee exhausted a grievance regarding Nurse Tomlison's failure to treat the lump in his side.[1] Dkt. 32-3. He submitted no grievances related to his cell conditions in December 2022. Dkt. 32-4 at 4-5, ¶ 14.

### III.    Discussion

"No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[This] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90−91 (2006)). Because exhaustion is an affirmative defense, the defendants must show that administrative remedies were available, and that Mr. Lee failed to use them. *Id.*

The defendants have presented undisputed evidence that the grievance process was available to Mr. Lee and that he did not complete the grievance process by filing a timely grievance alleging that the defendants subjected him to unconstitutional conditions of confinement. Although

---

[1] Although the grievance names Nurse Tomlison, nothing in the grievance responses confirms the existence or identity of Nurse Tomlison to assist in locating and serving this defendant.

he exhausted the grievance process as to his claim against Nurse Tomlison, the Court has been unable to identify or serve that defendant and Mr. Lee failed to respond to Orders to provide additional information to assist with service. Thus, his claim against defendant Tomlison is **dismissed** without prejudice.

Because Mr. Lee failed to exhaust his available administrative remedies as to all other defendants, they are entitled to summary judgment. Therefore, Mr. Lee's claims against the remaining defendants are also **dismissed** without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

### IV.   Conclusion

The defendants' motions for summary judgment, dkt. [32] and dkt. [36], are **granted**. Mr. Lee's claims are **dismissed** without prejudice. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 1/24/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM LEE
2249 Lammermoor Ln.
Indianapolis, IN 46214

Austin Ryan Andreas
Bleeke Dillon Crandall, P.C.
austin@bleekedilloncrandall.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com